

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Monica Casarez<br>Dell Inc.<br>One Dell Way<br>MS RR1-33<br>Round Rock, TX 78682-2244 |
| **Electronic copy provided to:** | Megan Bartlett |
| **Entity:** | Dell Marketing L.P.<br>Entity ID Number  1887533 |
| **Entity Served:** | Dell Marketing LP |
| **Title of Action:** | Michael Burnette vs. Dell Marketing LP |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Davidson County Chancery Court, Tennessee |
| **Case/Reference No:** | 17-280-IV |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 03/23/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Charles E. Walker<br>615-367-5111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

Ex. A



COPY

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>17-280-IV |
|---|---|---|
| **PLAINTIFF**<br>Michael Burnette | | **DEFENDANT**<br>Dell Marketing LP, a foreign limited partnership |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

Dell Marketing LP, a foreign limited partnership
c/o Corporation Service Company, Registered Agent
2908 Poston Ave
Nashville, TN 37203

**Method of Service:**
- ☐ Certified Mail
- ☑ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other

List each defendant on a separate summons.          *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Charles E. Walker, BPR # 021277<br>Woodbine Legal PC<br>69 Thompson Lane<br>Nashville, TN 37211<br>(615) 367-5111 | **FILED, ISSUED & ATTESTED**<br><br>APR 2 1 2017<br><br>**MARIA M. SALAS, Clerk and Master**<br>By:          1 Public Square<br>          Suite 308<br>          Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| **TO THE SHERIFF:** | **DATE RECEIVED**<br><br><br>**Sheriff** |
|---|---|

***Submit one original plus one copy for each defendant to be served.

ADA Coordinator, Maria M. Salas (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____     ☐ Not Found _____
☐ Not Served _____     ☐ Other _____

| DATE OF RETURN: | By: |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20___. <br> Signature of ____ Notary Public or ____ Deputy Clerk <br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Clerk & Master
               1 Public Square
               Suite 308
               Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master <br><br> By: <br><br>                         D.C. & M. |



# COPY

2017 MAR 21 PM 1:33
CLERK AND MASTER
DAVIDSON CO. CHANCERY CT.
DC&M
FILED

## IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
### PART IV

MICHAEL BURNETTE,

           **PLAINTIFF,**

v.

DELL MARKETING LP, a foreign limited partnership;

           **DEFENDANT.**

CASE NO.: *17-280-IV*

JURY DEMAND
TWELVE (12)

---

### COMPLAINT

**\* \* \* \* \***

COMES NOW, the Plaintiff, Mr. Burnette, by and through counsel, and hereby sues the Defendant and, for cause, would state and show as follows:

### THE PARTIES:

1. The Plaintiff is a citizen of the State of Tennessee and resident of Davidson County.

2. The Defendant, Dell Marketing LP (hereafter "Dell"), is a Delaware Foreign Limited Partnership that can be served with process on their register agent, Corporation Service Company, 2908 Poston Ave, Nashville, Tennessee, 37203.

### VENUE AND JURISDICTION:

3. Venue is proper in Davidson County pursuant to Tennessee Code Annotated Section 20-4-102 in that a tort action may be brought in the court with venue of the district where the cause of action arose.

4. Jurisdiction is proper in Chancery Court pursuant to Tennessee Code Annotated Section 16-11-101 and Section 16-11-102.

Case 3:17-cv-00732   Document 1-1   Filed 04/21/17   Page 4 of 29 PageID #: 8

5. On or about May 8, 2006, Mr. Burnette began employment with Dell working in the software department in sales.

6. Mr. Burnette was continuously employed for over ten (10) years by Dell from May 8, 2006, until July 6, 2016.

7. Mr. Burnette received nothing but good reviews during his tenure with Dell.

8. A few months before Dell fired Mr. Burnette, he uncovered some irregularities in the commission amount he was owed.

9. The irregularities amount to about $20,000 in commissions Mr. Burnette was due had Dell correctly reported his sales numbers.

10. Mr. Burnette reported this issue to his supervisor, human resources and other supervising management at Dell.

11. Mr. Burnette shortly thereafter learned from other employees at Dell working on similar commission that their commissions were incorrect.

12. Shortly after Mr. Burnette's immediate supervisor, Alex Williams, was contacted by his superiors regarding this issue, Mr. Burnette was fired.

13. Dell stated in Mr. Burnette's separation notice that the reason he was fired was for a violation of the attendance policy.

14. Mr. Burnette, within days of his termination, filed for unemployment with the Tennessee Department of Labor and Workforce Development.

15. Dell, by and through its agents or employees, manufactured false and fictitious documents trying to create the appearance that Mr. Burnette had been written-up for violations of the company's attendance policy.

16. Dell, by and through its agents or employees, forged Mr. Burnette's signature on a written warning form prepared by Dell.

17. Dell, by and through its agents or employees, cut and pasted Mr. Burnette's signature on a second written warning form prepared by Dell.

18. Dell, by and through its agents or employees, submitted false, fictitious and forged documents to the Tennessee Department of Labor and Workforce Development and the National Labor Relations Board to deny Mr. Burnette's claim for unemployment.

19. Dell acted intentionally, willfully and maliciously to cause Mr. Burnette's unemployment denial.

20. As a result of Dell's conduct Mr. Burnette was fired, denied unemployment, forced to incur legal expenses, and has suffered mental and emotional distress.

21. As of the date of the filing of this Complaint Dell has not offered Mr. Burnette reemployment.

## EXAMPLES OF DELL FORGED DOCUMENTS:

22. On or about October 20th, 2016, an electronic file containing 258.9 kilobytes named "BURNETTE_2370_EMP_RESP.pdf" was uploaded to the Tennessee Department of Labor and Workforce Development website at "https://www.jobs4tn.gov/vosnet/ui/Appeals/AppealResponse.aspx?enc=CuBn6HKDi tIjYNhVdonF5shIAIZuaqEKD9YgIIiv/wc=" by Dell. (Printed Copy attached as Exhibits 1-4).

23. The .pdf submitted to the Tennessee Department of Labor and Workforce Development by Dell is a multilayered document meaning the data in the document did not come from one original physical document.

24. What this means, in lay terms, is that the .pdf document is not a fax and never was.

Exhibit 1:

  

Exhibit 1.1    Exhibit 1.2    Exhibit 1.3

25. Exhibit 1.1, 1.2 and 1.3 each consists of one base image and one containing a transparent mask.

 

Exhibit 1.2 (base image)    Exhibit 1.2 (transparent mask)

26. Dell inserted three questions into the document by using the base image and transparent mask and the transparent mask clearly shows the six (6) lines that were inserted.

Exhibit 2:

 

Exhibit 2                    Exhibit 2 (Base Image)

27. Exhibit 2 consists of one base image and four transparent masks (in lay terms it has been
"cut and pasted" four times) to say what Dell wants it to say.

28. Exhibit 2 (Base Image) contains the signature of Mr. Burnette.

29. Exhibit 2 (Transparent Image) contains the numerical date and two letter "Ju" to go with



Dell's "ly" to make "July".

Exhibit 2 (Transparent Image).

30. Mr. Burnette's signature was not only forged onto Exhibit 2 by Dell but the date was forged
by piecing two transparent images together into one bounding box.

Exhibit 3:



Exhibit 3.1



Exhibit 3.2

31. Exhibit 3 consists of two pages each with one base image and Exhibit 3.1 has one transparent
mask and Exhibit 3.2 has four transparent masks.

32. Dell forged Mr. Burnette's signature and date onto this document as a base image (meaning
Dell actually penned the forged signature—not a copy cut and paste)



33. Mr. Burnette's signature above and on Exhibit 3.2 is an obvious forgery and does not even
resemble his signature—his name is misspelled.

Exhibit 4:



34. Exhibit 4 consists of one base image and two transparent masks.





Exhibit 4 (Base Image)     Exhibit 4 (Transparent Image)     Exhibit 4 (Transparent Image)

35. Exhibit 4 (Base Image) are the signature lines.

36. Exhibit 4 (Transparent Images) are flattened together to fabricate this document.

37. Dell produced the same document (as Exhibit 4) for a hearing at the Tennessee Department of Labor and Workforce Development with the following electronic signatures:

| Alex Willimas | 5 July 2016 | Josh McGinty | 5 July 2016 |
|---|---|---|---|
| Leader | Date | 2ND Level Leader | Date |
| Maurice Tyler | 5 July 2016 | | |
| Human Resources | Date | | |

### BREACH OF EMPLOYMENT CONTRACT:

38. As herein alleged, Mr. Burnette and Dell entered into an agreement whereby Dell employed Mr. Burnette. A copy of this agreement is attached and incorporated as Exhibit 5.

39. Mr. Burnette fully performed and exceeded his obligations as an employee at Dell.

40. Dell breached this agreement on or about March, 2016, by failing to pay him correctly for commissions he earned selling software and services for Dell.

41. Dell further breached this agreement on or about July 6, 2016, when it fired Mr. Burnette for a pretext of tardiness when in fact he was fired in retaliation for reporting a pay problem that affected not only his commission pay but all similarly situated employees like Mr. Burnette.

42. Since Mr. Burnette had discovered the pay issue related to the sales reporting, Dell knew it would only be a matter of time until someone would discover that Dell employees' 401K accounts were used to secure a loan for Dell.

43. Dell, at all times herein alleged, owed a duty of good faith and fair dealings to Mr. Burnette, as an employee, and all similarly situated employees like Mr. Burnette.

44. Dell breached its duty of good faith and fair dealings when it wrongfully discharged Mr. Burnette.

45. Dell breached its duty of good faith and fair dealings when it forged Mr. Burnette's signature on documents to make it appear a legitimate reason existed for his termination.

46. Dell breached its duty of good faith and fair dealings when it fabricated documents and created false and fictitious claims in an attempt to make it appear Dell had a legitimate reason for his termination.

47. As a result of Dell's breach(es) of the employment contract Mr. Burnette has suffered a loss of pay to which was and still is rightfully entitled.

48. As a result of Dell breaching the duty it owed to Mr. Burnette he has suffered damages.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

49. Dell, at all relevant times herein alleged, owed a duty to its employees, including Mr. Burnette, to follow the law, which includes a duty to pay its employees, a duty to refrain from forging employee signatures, and a duty to refrain from manufacturing false documents against its employees.

50. Prior to the filing of this Complaint Dell breached one or more of the duties it owed to Mr. Burnette.

51. Dell's conduct was not only negligent; it was intentional or at least reckless.

52. Dell intentionally or at least recklessly engaged in the forging of employment documents to fire Mr. Burnette and cause the denial of his unemployment benefits.

53. Dell forging employment documents is so outrageous that it is not tolerated by civilized society.

54. Dell's actions as herein alleged caused Mr. Burnette to lose his job thereby suffering losses and damages.

55. As a result of Dell's conduct against Mr. Burnette he has also suffered serious mental injury, pain and suffering.

## VIOLATION OF TENNESSEE PUBLIC PROTECTION ACT:

56. Mr. Burnette and Dell had an employment-at-will relationship according to the terms of his non-negotiable employment agreement drafted by Dell.

57. Dell discharged Mr. Burnette on or about July 6, 2016.

58. Mr. Burnette was discharged for reporting pay issues and discussing pay issues with other employees at Dell.

59. Pursuant to the National Labor Relations Act, 29 United States Code Annotated Section 157, Mr. Burnette had a right to discuss pay issues with other employees at Dell.

60. By law, Mr. Burnette had a right to be paid correctly.

61. Mr. Burnette reported the pay issues to his immediate supervisor, when that failed, to the human resource department, when that likewise failed, he reported the issues to the ethics hotline.

62. Shortly after Mr. Burnette contacted the ethics hotline Dell retaliated against Mr. Burnette.

63. Dell fired Mr. Burnette because he reported pay issues and discussed pay issues with other employees at Dell.

64. The reason stated by Dell in the separation notice date July 6, 2016, was a flat-out lie.

65. Mr. Burette sustained damages on account of the retaliatory discharge in that he lost his job, income, benefits, salary increases, and commissions, and suffered several mental anguish and emotional distress.

66. Dell is liable to Mr. Burnette for lost wages and other benefits resulting from his termination.

67. Dell should be ordered to reinstate Mr. Burnette to his former position with Dell, with the salary and increases and all benefits he would be entitled. In the alternative, if the Court finds reinstatement is not feasible, Mr. Burnette avers he is entitled to "front pay" to compensate him for the loss of salary and commission in the future and the value of fringe benefits and other employee benefits and advancement opportunities lost as a result of Dell's wrongful discharge of him.

## AD DAMNUM:

68. Wherefore, Mr. Burnette prays as follows:

   a. That judgment be entered in favor of Mr. Burnette and against Dell on all claims in the maximum amount allowed by law;

   b. That this matter be tried before a Jury of twelve (12);

   c. That he recovers damages for lost wages ("back pay") and the value of all employment benefits which he lost from the date of the Defendant's retaliatory discharge of him;

   d. That he receives payment of back commissions rightfully due Mr. Burnette according to his employment agreement;

   e. The he recovers reasonable attorney fees and costs pursuant to Tennessee Code Annotated Section 50-1-304(c)(2);

   f. That this Court issue a restraining order preventing Dell from forging any further documents and manufacturing false and fictitious employee records;

   g. That this Court issue a mandatory injunction requiring Dell to rehire Mr. Burnette to his former position or in an equivalent job with all employment rights and benefits to

which he would have been entitled but for his termination or, in the alternative, to award plaintiff front pay and benefits in lieu of reinstatement;

h.   Damages for pain, suffering and emotional distress caused by Dell's outrageous acts;

i.   That he be awarded punitive damages in the maximum amount allowed by law;

j.   That Dell be required to pay Mr. Burnette his attorney fees and costs as damages for forging documents to cause the denial of employment benefits;

k.   Such other and further relief to which Mr. Burnette may be entitled.

Respectfully submitted,

Charles E. Walker, BPR No. 021277
**WOODBINE LEGAL PC**
69 Thompson Lane
Nashville, Tennessee 37211
o: 615-367-5111 | f: 615-383-1154
E-Mail: charles@woodbinelegal.com
*Attorney for Plaintiff*



**TALX UCM SERVICES**

**Fax Transmission**

To:

Glenna

(865) 545-5812

From:
**Fabiola Ramirez**
**TALX UCM Services Inc**
Fax: (888) 895-4683
Ph: (770) 740-5825

October 20, 2016

Subject
RE:   MICHAEL BURNETTE   SS: 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

Message:
Please see attached on SS: 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



**EXHIBIT**

1.1

13 of 30

Exhibit 1.2

 **TALX UCM SERVICES**

October 20, 2016

**FAX COVER SHEET**

**FAX:** (865)545-5812

Re: **MICHAEL BURNETTE**                    Account: 0726494-0
SS: 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                             Employer: DELL MARKETING LP

Glenna:

**Michael Burnette      xxx-xx-2370**

Q: First Day Worked?
A: 05/08/2006

Q: Please provide the last date the claimant reported to work for your company.
A: 07/06/2016

Q: Job Title?
A: INSIDE PRODUCT SPECIALIST

Q: What was the date of the final incident?
A: 06/30/2016

Q: Provide details of what happened during the final incident, where the incident occurred,
if there were any witnesses and if he/she provided an explanation/admission.
A: He failed to report to work for his scheduled start time at 9:00 am. Manager did not
hear from him until after 2:00 that day and he did not come in at that point, he worked his
hours from home that day.

Q: What is your policy relating to absenteeism and/or tardiness?
A: Failure to report to work or failure to notify management of an absence or tardy prior to
a scheduled shift's start time of 9 am or the established pre-notification rules can lead to
disciplinary action up to and including termination.

Q: Did he/she violate your company policy?
A: Yes

Q: Was he/she aware of your policy?
A: Yes

Q: How was he/she made aware of your policy? Written, Verbal or Both?
A: Written and Verbal

Q: Name of the person who discharged him/her?
A: Alex Williams and Maurice Tyler

Q: Title of person who discharged him/her?
A: 1st Level Leader and HR Rep

Q: Additional comments:
A: See attached, prior warnings and involuntary termination summary.

**EXHIBIT**
**1.2**

14 of 30

If you have any questions or problems, please contact 800-829-1510

Exhibit 1.3

Sincerely,



**Fabiola Ramirez**
**Unemployment Claims Consultant**

**ATTACHMENT**

**EXHIBIT**

tabbies

_1.3_

Exhibit 2

# Written Warning

| | |
|---|---|
| **Team Member Name:** Michael Burnette | **Badge #:** 874460 |
| **1ˢᵗ Level Leader:** Alex Williams | **HR Rep:** Maurice Tyler |
| **2ⁿᵈ Level Leader:** Josh McGinty | **Date:** 13 July 2015 |
| **Business Segment:** Partner Software | |

**Description of conduct**
After being issued and acknowledging a Verbal warning for Attendance violation on June 23ʳᵈ, Michael Burnette did not report to work July 25th nor did he contact his manager to report that he would be be in that day. In meeting with Michael on June 26th about his absence on July 25th, Michael explained that he had overslept that entire day. Michael absence is another Attendance violation and accordingly this is his Final Written Warning.

**Prior Counseling/Warnings**
Verbal warning issued and accepted on 6/23

**Policy Violation**
**Attendance Violation:**
• Failure to report to work or failure to notify management of an absence or tardy prior to a scheduled shift's start time or the established pre-notification rules
• Unexcused or excessive absenteeism, including no call/no show

**Should another violation occur during your employment at Dell, you may be subject to further disciplinary action up to and including termination.**

I have read and understand the above.

| | | | |
|---|---|---|---|
| | *21 July 2015* | Josh McGinty | 23 July 2015 |
| Team member | Date | 2ⁿᵈ Level Leader | Date |
| Alex Williams | 23 July 2015 | Maurice Tyler | 23 July 2015 |
| 1ˢᵗ Level Leader | Date | Human Resources | Date |

**EXHIBIT**
**2**

CONFIDENTIAL

Revised April 201

16 of 30

Exhibit 3.1

## Written Warning

| | |
|---|---|
| Team Member Name: Michael Burnette | Badge #: 874460 |
| 1st Level Leader: Alex Williams | HR Rep: Maurice Tyler |
| 2nd Level Leader: Josh McGinty | Date: 17 June 2016 |
| Business Segment: Partner Software | |

**Description of conduct**
After being issued and acknowledging a Verbal warning for Attendance violation on June 23rd 2015, Michael Burnette did not report to work July 25th 2015 nor did he contact his manager to report that he would be be in that day. In meeting with Michael on July 26th 2015 about his absence on July 25th 2015, Michael explained that he had overslept that entire day. Michael absence is another Attendance violation and accordingly this is his Final Written Warning.

In continuation throughout the year Michael has continued to come in after the agreed upon time of 9am central time, and on Wednesday June 8th was a no call no show for the day, and then followed up on Tuesday June 14th without logging in till later on in the day between 2-3pm cst. Both of these events Michael neither followed up with his direct manager Alex Williams, nor did he have scheduled time off or have a backup set up which caused customer satisfaction issues with team members that he is aligned to and additionally had an impact to his customers.

**Prior Counseling/Warnings**
Verbal warning issued and accepted on 6/23/15
Written warning signed 7/23/15

**Policy Violation:**
**Attendance Violation:**
• Failure to report to work or failure to notify management of an absence or tardy prior to a scheduled shift's start time of 9am or the established pre-notification rules.
• Unexcused or excessive absenteeism, including no call/no show

Should another violation occur during your employment at Dell, you may be subject to further disciplinary action up to and including termination.



EXHIBIT
tabber
3.1

Case 3:17-cv-00732   Document 1-1   Filed 04/21/17   Page 24 of 29 PageID #: 28

I have read and understand the above.

| _Mike Burnett 6/17/16_ | | Josh McGinty | 16 June 2016 |
|---|---|---|---|
| Team member | Date | 2nd Level Leader | Date |
| Alex Williams | 16 June 2016 | Maurice Tyler | 16 June 2016 |
| 1st Level Leader | Date | Human Resources | Date |

*Please note: Handwritten signatures are preferred, and are required for the team member.
Leaders & HR may sign electronically, but it is required that each individual sign his or her
own name; proxy signatures are unacceptable.*

**EXHIBIT**

3.2

Case 3:17-cv-00732   Document 1-1   Filed 04/21/17   Page 25 of 29 PageID #: 29

Exhibit 4

# Involuntary Termination Summary

**Team Member Name:** Michael Burnette        **Badge #:** 874460

**1st Level Leader:** Alex Williams            **HR Rep:** Maurice Tyler

**2nd Level Leader:** Josh McGinty            **Termination Date:** 6 July 2016

**Business Segment:** Partner Software

1. **Description of final situation prompting termination**
   Monday 6/27 Mike came in at 9:30 am, Wednesday 6/29 Mike arrived at 9:58, and on Thursday 6/30, I did not hear from Mike till after 2:00 that day and he did not come in at that point, he worked his hours that day from home. Mike's schedule starts at 9:00 am and per his Final written warning he was to be in at 9:00am or have reached out to his manager if he were to be late.

2. **Prior progressive disciplinary steps**
   Verbal warning issued and accepted on 6/23/15
   Written warning signed 7/23/15
   Final Written signed 6/17/2016

3. **Final policy violation or reason for termination**
   • Failure to report to work or failure to notify management of an absence or tardy prior to a scheduled shift's start time of 9am or the established pre-notification rules
   • Unexcused or excessive absenteeism, including no call/no show

| Leader | Date | 2nd Level Leader | Date |
|--------|------|------------------|------|

| Human Resources | Date |
|-----------------|------|

**EXHIBIT**

tabber

4

Exhibit 5

8744060

## Employee Acceptance

I have read *Winning with Integrity*, the Dell Code of Conduct and agree to abide by it. I understand that further information regarding Dell's Ethics and other policies are available on inside.dell.com and agree that I will familiarize myself with these policies. I will contact the Ethics Office or my Human Resources Representative to further explain sections of the Code or policies that I do not fully understand.   I will contact my manager, the Employee, the HR Employee Resource Center, the Ethics Office, the Ethics Helpline or the Legal Team if I become aware of any clear or suspected violations of this Code or other Dell policies.

I understand that Dell reserves the right to interpret its stated or usual policies, practices and procedures on a case-by-case basis when Dell deems it necessary or appropriate, and to change, correct, modify, or revoke these policies and practices and any of their terms at any time with or without notice. I will familiarize myself with and periodically review the policies on Dell's intranet to keep updated on any changes or revisions that may have occurred. I also understand that my employment with Dell is "at will" (meaning that just as I can quit my employment with Dell at any time for any reason, so may the Company end my employment at any time for any reason), and that the at-will nature of my employment cannot be changed except by a written agreement signed by the Chairman or President/CEO.

*Mike Burnette*

Printed Name

---

Signature

---

05/05/06 — 03/08/06                                   874460

Date                                                  Badge #

**Winning with Integrity**



Revised Nov 2004



EXHIBIT
5