# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| MICHAEL BURNETTE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | DOCKET NO. 3:17-cv-00732 |
| DELL MARKETING L.P., | ) ) | JUDGE TRAUGER |
| Defendant. | ) ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

Plaintiff Michael Burnette ("Plaintiff") brought the instant case against his former employer Dell Marketing L.P. (the "Defendant" or "Dell") alleging a breach of his at-will employment agreement and certain other claims arising out of his former employment with Dell. Defendant timely removed the action on the basis of diversity and now moves the Court to transfer the case to the United States District Court for the Western District of Texas pursuant to the parties' agreed upon, valid, and enforceable forum-selection clause in the parties' Employment Agreement. Defendant respectfully submits that its motion should be granted because Plaintiff cannot demonstrate that this case presents the "extraordinary circumstances" necessary for the Court to disregard the forum selected by the parties. This memorandum is filed in support of Defendant's motion.

### I. FACTUAL BACKGROUND

**A. Plaintiff's Employment With Dell.**

Defendant is a limited partnership formed under the laws of Texas, whose only general partner and limited partners both have their principal places of business located in Round Rock, Texas. (Def.'s Answer at ¶ 2). On May 8, 2006, Dell hired Plaintiff to work in its software

1

department. (Pl.'s Compl. at ¶ 5). Prior to his start date, Dell presented Plaintiff with an at-will employment agreement setting forth the terms and conditions of his employment (the "Employment Agreement"). (*See* Pl.'s Compl. at ¶ 38; Nicole Gibson Decl. at ¶ 5). The Employment Agreement provides that *all disputes* shall be resolved in Travis County, Texas under the laws of the State of Texas. (*See* Nicole Gibson Decl. Ex. A at ¶ 13). On April 26, 2006, Plaintiff voluntarily and willfully executed the Employment Agreement, affirming his acceptance of its terms. (*See* Pl.'s Compl. at ¶ 38; Gibson Decl. at ¶¶ 6-7). A true and accurate copy of the Employment Agreement is attached to Nicole Gibson's Declaration as Exhibit A.[1] (Gibson Decl. at ¶¶ 8-10).

On June 30, 2016, Plaintiff failed to report to work for his scheduled 9:00 a.m. start time and did not contact his manager until 2:00 p.m. (Pl.'s Compl. at Ex. 1.2). This absence followed several prior attendance incidents for which Plaintiff received both verbal warnings and written discipline. Accordingly, on July 6, 2016, Dell discharged Plaintiff for violating its attendance policy. (*See* Pl.'s Compl. at ¶ 13, Ex. 1.2).

**B.     Plaintiff's Complaint.**

Plaintiff filed the instant suit alleging breach of employment contract, intentional infliction of emotional distress, and retaliatory discharge claims. (*See* Pl.'s Compl.). Each of these claims arises out of Plaintiff's employment with Dell and is subject to the Employment Agreement's forum selection clause.

---

[1] Plaintiff attached a document purporting to be the Employment Agreement as Exhibit 5 to the Complaint. Exhibit 5 is not a copy of the Employment Agreement; it is a signed acknowledgment of Plaintiff's receipt of the Dell Code of Conduct. (Gibson Decl. at ¶ 11).

## II.     ARGUMENT

### A.     The U.S. Supreme Court Dictates That A Valid Forum selection Clause Requires Transfer Under Section 1404(a) In All But "Extraordinary Circumstances."

In *Atlantic Marine*, the United States Supreme Court held that a forum selection clause is properly enforced via a motion to transfer pursuant to 28 U.S.C. § 1404(a). *Atlantic Marine Construction Co., Inc. v. United States District for the Western District of Texas*, 134 S. Ct. 568, 580 (2013). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Although an ordinary Section 1404(a) motion to transfer venue requires a court to balance a number of private and public-interest factors including the plaintiff's choice of forum, the ease of access to evidence, and convenience of parties and potential witnesses, the analysis changes significantly when a forum selection clause is involved. *Id.* at 581. As the Supreme Court makes clear, "[w]hen a defendant files [a motion to transfer venue pursuant to a forum selection clause], . . . a district court should transfer the case unless ***extraordinary circumstances*** unrelated to the convenience of the parties ***clearly disfavor*** a transfer." *Id*. at 575 (emphasis added).

Accordingly, the presence of a valid forum selection clause requires courts to adjust their normal § 1404(a) analysis in three ways:

1. "The plaintiff's choice of forum merits no weight" and the burden shifts to the plaintiff to show why the court should not transfer the case to the agreed upon forum. *Id.* at 581-82.

2. "A court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private

3

interests." *Id.* Indeed, "[a] court … must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582.

3. The court may only consider "public interest" factors such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n. 6. *See also Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008). "Because those factors will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases." *Atlantic Marine*, 134 S. Ct. at 582.

In sum, *Atlantic Marine* mandates the transfer of this case to the Western District of Texas unless Plaintiff can demonstrate that (1) the forum selection clause is invalid, or (2) "extraordinary" or "unusual" circumstances "overwhelmingly" weigh against transfer. *Id.* at 581-82.

**B.    The Forum Selection Clause In The Employment Agreement Is Presumed Valid.**

"Whether a forum selection clause can be enforced is a matter of federal procedure and thereby decided under federal law." *Williams v. CIGNA Corp.*, 2010 WL 5147257, at *3 (W.D. Ky. Dec. 13, 2010) (citing *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)). "Forum selection clauses are presumed valid and generally 'control absent a strong showing that it should be set aside.'" *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "When evaluating the enforceability of a forum selection clause, th[e] [Sixth Circuit] looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that

4

requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citing *Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Wong*, 589 F.3d at 828 (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)). Plaintiff has not met, and cannot meet, this burden.

First, Plaintiff's Complaint does not allege that either the Employment Agreement or the forum selection was obtained by fraud, duress, or other unconscionable means. Indeed, Plaintiff has acknowledged that he entered into a valid and enforceable employment agreement by seeking to enforce such agreement through a breach of contract claim. (Pl.'s Compl. at p. 8).

Second, there is no evidence that a federal court in Texas will be unable to, or will unfairly, handle his suit. Quite the contrary, a Texas court would be better positioned to adjudicate Plaintiff's claims since Plaintiff has agreed to the application of Texas law. Further, Plaintiff must show not merely that a different or less favorably foreign law might apply but that the application of a foreign law would effectively deny Plaintiff any remedy or result in unfair treatment. *See Wong*, 589 F.3d at 829. Plaintiff cannot meet this burden because the substantive elements of a breach of contract claim and the potential remedies available thereunder are essentially the same under both Texas and Tennessee law. *Compare Viajes Gerpa, S.A. v. Fazeli*, 2016 WL 7478352 (Tex. Ct. App. Dec. 29, 2016) *with Thornley v. U.S. Bank, N.A.*, 2015 WL 3989380 (Tenn. Ct. App. June 30, 2015).

Third, there is no evidence that requiring Plaintiff to bring suit in Texas would be unjust. "To meet the third prong of [the] test, the plaintiff must show that enforcement of the clause would be so inconvenient [] that its enforcement would be unjust or unreasonable." *Wong*, 589 F.3d at 829. The Sixth Circuit held that "enforcement of a forum selection clause [is] not []

5

unreasonable where the opposing party failed to produce any evidence that it was exploited or unfairly treated" when it agreed to the term. *Id., citing General Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994). In the instant case, Plaintiff makes no allegation—and presents no evidence—that he was exploited or unfairly treated when he entered into the Employment Agreement. Indeed, Plaintiff seeks judicial enforcement of the very agreement that contains the forum selection clause. (*See* Pl.'s Compl.). Because Plaintiff cannot meet this "heavy burden," the forum selection clause should be enforced in the absence of "extraordinary circumstances."

**C.      No "Extraordinary Circumstances" Exist to Preclude Transfer to the Western District of Texas.**

As described above, the Court may only consider "public interest" factors when considering whether "extraordinary circumstances" exist such that an otherwise valid forum selection clause should not be enforced. *See Atl. Marine*, 134 S. Ct. at 581-82. These factors include administrative court congestion, local interest in deciding local controversies, and the forum state's familiarity with the state law. *Id*. at 581 n. 6. *See also Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008).

Given the current judicial shortage in the Middle District of Tennessee, docket considerations weigh in favor of, as opposed to against, transfer. *See* Exhibit 2 (showing most recently reported judicial caseload prior to the resignation of Judge Sharp and retirement of Judge Campbell, as compared to the Western District of Texas, which has experienced no known new vacancies). As Dell is one of the largest employers in the Austin area, this case presents issues of considerable local interest for the Western District of Texas. Additionally, judges in the Western District of Texas are presumably more familiar with the laws of the State of Texas, which govern Plaintiff's Employment Agreement with Dell. Although Plaintiff alleges an

6

unlawful retaliation claim under the Tennessee Public Protection Act ("TPPA"), a court in the Western District of Texas is not incapable of applying Tennessee law. ("[F]ederal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine*, 134 S. Ct. at 584 (rejecting district court's determination that this state law considerations favored denial of transfer). In any event, Plaintiff's TPPA claim is preempted by the National Labor Relations Act and/or principles of issue preclusion, as set forth in Defendant's Answer. *See Smith v. Excel Maintenance Services, Inc.*, 617 F. Supp. 2d 520, 523-531 (W.D. Ky. 2008) (holding that plaintiff's claim of retaliatory discharge under KRS 336.130 for engaging in certain protected concerted activities was preempted.)). Accordingly, Plaintiff cannot establish exceptional circumstances sufficient for this Court to disregard the forum selection clause contained in the Employment Agreement, and this matter should be transferred pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court transfer this action to the Austin, Texas Division of the United States District Court for the Western District of Texas.

Dated this 31st day of May, 2017.

Respectfully submitted,

BASS, BERRY & SIMS, PLC

s/ Robert W. Horton
Robert W. Horton (BPR# 017417)
Dustin T. Carlton (BPR# 032025)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
bhorton@bassberry.com
dcarlton@bassberry.com

*Attorneys for Defendant*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 31st day of May, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic mailing system to:

Charles E. Walker (BPR# 021277)
Woodbine Legal PC
69 Thompson Lane
Nashville, Tennessee 37211
(615) 367-5111
Charles@woodbinelegal.com

*Attorney for Plaintiff*

                                                s/ Robert W. Horton
                                                Robert W. Horton

22964413.4