IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| MICHAEL BURNETTE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 3:17-cv-00732 |
| | ) | |
| DELL MARKETING L.P., | ) | JUDGE TRAUGER |
| | ) | |
|     Defendant. | ) | |

**DEFENDANT DELL MARKETING L.P.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

Currently pending before the Court is Defendant Dell Marketing L.P.[1] ("Defendant")'s Motion to Transfer Venue to the United States District Court for the Western District of Texas pursuant to the parties' agreed upon, valid, and enforceable forum selection clause. Plaintiff Michael Burnette ("Plaintiff") filed a Response in Opposition to Defendant's Motion to Transfer Venue (ECF No. 11) in which he attempts to mislead this Court by applying the wrong legal standard to support his argument that transfer should be denied because it would be inconvenient to Plaintiff and other witnesses.[2] Plaintiff blatantly disregards well-established law, including binding Supreme Court precedent.[3] To set aside a legally valid forum selection clause based on

---

[1] Plaintiff's Response misrepresents Defendant's corporate structure. (Pl.'s Resp. Opp'n Mot. Transfer Venue 1-2, ECF No. 11) Contrary to Plaintiff's assertions, Dell Marketing L.P. is a limited partnership with one general partner and one limited partner. The general partner is Dell Marketing GP L.L.C., a Delaware limited liability company with its principal place of business located at 1 Dell Way, Round Rock, Texas 78682. The limited partner is Dell Marketing LP L.L.C., a Delaware limited liability company with its principal place of business also located at 1 Dell Way, Round Rock, Texas 78682. Dell International L.L.C. is wholly owned by Dell, Inc. Denali Holding, Inc. is no longer in existence.

[2] Plaintiff also fails to acknowledge that while some witnesses reside in Tennessee, other witnesses and evidence are located in Texas.

[3] (*See* Pl.'s Resp. Opp'n Mot. Transfer Venue 3, ECF No. 11)

inconvenience, Plaintiff must show that enforcement of the clause would be "so inconvenient that its enforcement would be unjust or unreasonable." Otherwise, under Supreme Court precedent, Plaintiff must show that "exceptional circumstances" unrelated to the convenience of the parties exist, such that the clause should be ignored. Plaintiff has not met, and cannot meet, this heavy burden. Accordingly, Defendant's Motion to Transfer Venue should be granted. This Memorandum is filed in filed in Reply to Plaintiff's Response and in further support of Defendant's Motion to Transfer Venue.

## I. ARGUMENT

### A. Plaintiff Has Not Shown, and Cannot Show, That The Forum Selection Clause Is So Inconvenient As To Be Unjust.

Although Plaintiff acknowledges that he signed an employment agreement containing a forum selection clause requiring him to litigate all disputes in Travis County, Texas, Plaintiff argues[4] that the forum selection clause should not be enforced because it would be "seriously inconvenient" to him. (Pl.'s Resp. Opp'n Mot. Transfer Venue 5, ECF No. 11) As described below, courts routinely reject this argument, and Plaintiff's argument should likewise be rejected.

To set aside a forum selection clause based on inconvenience, a plaintiff must be able to show that enforcement of the clause would be "so seriously inconvenient such that requiring plaintiff to bring suit there would be unjust or unreasonable.'" *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). It is not enough that it may be "financially difficult to litigate [one's] claim" in another state's court. *Jenkins v. Marvel*, 683 F. Supp. 2d 626, 635 (E.D. Tenn. 2010) ("It is probably financially inconvenient for the majority of individuals who pursue

---

[4] Plaintiff's argument is made indirectly as part of his balancing of private and public interest factors. As noted below, this is the incorrect standard to be applied to this case.

2

litigation in foreign states, but that type of inconvenience is not serious enough to preclude enforcement of a forum selection clause."). "Mere inconvenience or additional expense is not . . . the test for unreasonableness. Instead, Plaintiff must show that litigation [in the selected forum] 'will be so gravely difficult and inconvenient that [Plaintiff] will for all practical purposes be deprived of [Plaintiff's] day in court.'" *Long v. Dart Int'l, Inc.*, 173 F. Supp. 2d 774, 778 (W.D. Tenn. 2001) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

This is "a very high bar." *Mallory v. Am. Mgmt. Ass'n Int'l*, 2014 WL 12676180, at *7 (E.D. Tenn. May 19, 2014). In fact, courts repeatedly and consistently reject plaintiffs' contentions that a forum selection clause should not be enforced due to financial inconvenience. For example, in *Carrillo v. TIFCO Industries, Inc.*, 2011 WL4538079, at *4 (M.D. Tenn. Sept. 29, 2011), a Tennessee plaintiff argued that pursuing the matter in Texas would be financially impossible and that transferring the case would effectively result in the end of the case. *Id.* The court, however, rejected the plaintiff's argument and explained that "[w]hile Plaintiff may be dissatisfied with the required litigation forum, it is part of an agreement he entered into" and that there was "no evidence that he objected to the terms of th[e] clause or that the specific clause was included through misrepresentation or fraud." *Id.* (citing *Wong*, 589 F.3d at 829); *see also Jenkins*, 683 F. Supp. 2d 626 (requiring transfer from Tennessee to Pennsylvania).

Likewise, while Plaintiff may be dissatisfied with the forum selection clause, it is part of a legally valid Employment Agreement that he signed and agreed to when he decided to work for Defendant. At no time has Plaintiff ever claimed that the clause was obtained through misrepresentation or fraud. In addition, Plaintiff has not shown, and cannot show, that he would be deprived of his day in court if the clause is enforced.

3

Indeed, courts within the Sixth Circuit have rejected such arguments under more burdensome circumstances than are present in the instant case. For example, in *Wong*, the Sixth Circuit enforced a forum selection clause requiring individual plaintiffs to litigate their claims in Gibraltar despite plaintiffs' contentions that there would be significant expense in litigating claims overseas, in addition to significant procedural differences in the foreign legal system. *See Mallory*, 2014 WL 12676180, at *7-8 (citing *Wong*, 589 F.3d at 829-830). Furthermore, in *Mallory*, the Eastern District of Tennessee enforced a forum selection clause requiring a plaintiff to bring her claims in Brussels, Belgium although the plaintiff did not speak any French or Dutch and would face significant expense in litigating overseas. *Id.* By contrast here, Plaintiff would only be required to litigate his claims in a different state—Texas. Accordingly, Plaintiff's arguments of financial inconvenience should be rejected.

### B. Plaintiff Has Not Shown, and Cannot Show, The Presence Of Exceptional Circumstances Sufficient To Defeat A Transfer Motion.

In his Response, Plaintiff asks this Court to apply the wrong legal standard to analyze whether or not to transfer the case to the Western District of Texas. (*See* Pl.'s Resp. Opp'n Mot. Transfer Venue 3, ECF No. 11) In an effort to circumvent well-established law, Plaintiff asserts that this Court should consider nine factors, including certain private interest factors such as the convenience of the parties and witnesses and the relative means of the parties, in determining whether the forum selection clause should be enforced. (*See id.*) This is a red herring. While these nine factors are all normally weighed and balanced in a case <u>not</u> involving a forum selection clause, the Supreme Court makes clear that "[t]he calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*,

4

108 S. Ct. 2239 (1988)). "When parties agree to a forum-selection clause, they **waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses**, or for their pursuit of the litigation, [and] **[a] court accordingly <u>must</u> deem the private-interest factors to weigh entirely in favor of the preselected forum**." *Id.* at 582 (emphasis added). As explained by the Supreme Court, this shift in the analysis protects the legitimate expectations of the parties and furthers "vital interests of the justice system." *Id.* at 581. Accordingly, when presented with a valid forum selection clause, a district court "**may consider argument about <u>public-interest factors only</u>**." *Id.* at 582 (emphasis added).

In other words, Supreme Court precedent directs this Court <u>not</u> to consider: the fact that Plaintiff is a Nashville resident who performed work for Defendant in Davidson County, Tennessee; that Plaintiff's claims and disputes arise out of the performance of his work in Davidson County, Tennessee; or that most witnesses are located in Tennessee. *See Atl. Marine*, 134 S. Ct. at 583-84 (holding that the district court erred in giving any weight to arguments about the parties' private interests). The Supreme Court's holding in *Atlantic Marine* explains that the Court should only consider public interest factors in its analysis, such as "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 549 (W.D. Tex. 2014); *Atl. Marine*, 134 S. Ct. at 582 n.6. Significantly, the Supreme Court stated that these factors "will rarely defeat a transfer motion," meaning that "forum-selection clauses should control except in unusual cases." *Atl. Marine*, 134 S. Ct. at 583. Stated differently, "**[o]nly under extraordinary circumstances**

5

**unrelated to the convenience of the parties should a § 1404(a) motion be denied**." *Id.* at 581. (emphasis added).

There is nothing exceptional about the public interest factors in the instant case. Plaintiff concedes that Texas is the more proper venue given the current judicial shortage in the Middle District of Tennessee. (*See* Pl.'s Resp. Opp'n Mot. Transfer Venue 6-7, ECF No. 11) Plaintiff also acknowledges that Defendant's principal office is located in Texas, indicating that Texas has an equally significant interest in overseeing the litigation. (*Id.* at 2) In fact, contrary to Plaintiff's assertions, the Texas community would have a strong interest in overseeing the litigation, given its potential to impact a significant employer in its community.

Plaintiff suggests that this Court should not be burdened with unnecessary problems of conflict of laws and that Tennessee is the more appropriate forum because Tennessee law would apply. (*Id.* at 6-7) However, this Court is not presented with any complicated choice of law issues.[5] Tellingly, Plaintiff conveniently ignores the fact that he agreed to the application of Texas law to all disputes arising out of his Employment Agreement, including specifically his breach of contract claims.

Further, while it is true that Tennessee law may apply to his intentional infliction of emotional distress and Tennessee Public Protection Act (TPPA) claims, this fact does not make this an "unusual case" requiring the Court to set aside the forum selection clause. As stated previously,"[w]hile 'a venue's familiarity with the governing state law is an additional factor to be considered . . . [,] this factor is generally given little weight in the federal courts because

---

[5] Plaintiff has alleged the following claims: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) intentional infliction of emotional distress; and (4) a violation of the TPPA. (Pl.'s Compl.) Contrary to Plaintiff's assertions in his Response, Plaintiff has not alleged an unemployment claim or a forgery claim (nor is Defendant aware of a civil claim for forgery under Tennessee or Texas law), though such claims would still not present complicated choice of law issues. (See Pl.'s Compl.)

6

federal courts are deemed capable of applying the substantive law of other states." *William M. Yarbrough Foundation v. Garcoa Laboratories, Inc.*, 2013 WL 4068176 at *7 (W.D. Mich. Aug. 12, 2013) (quoting *Tole v. Glenn Miller Prods., Inc.*, 2013 WL 4006134, at *5 (S.D.N.Y. Aug. 6, 2013)); *Atl. Marine*, 134 S. Ct. at 584. In addition, Plaintiff's TPPA claim is preempted by the National Labor Relations Act and/or principles of issue preclusion, as set forth in Defendant's initial memorandum. *See Smith v. Excel Maintenance Services, Inc.*, 617 F. Supp. 2d 520, 523-531 (W.D. Ky. 2008). Therefore, this Court will not be required to even interpret the TPPA.

In sum, this is far from the "extraordinary circumstances *Atlantic Marine* had in mind," and the forum selection clause contained in Plaintiff's Employment Agreement should control. *LaBar v. ABC Med. Holdings, Inc.*, 2014 WL 1714468, at *9 (N.D. Tex. Apr. 30, 2014) ("Since there is nothing unusual about LaBar's straightforward contract law claim, the parties' agreement must control."); *Cline v. Carnival Corp.*, 2014 WL 550738, at *1050 (N.D. Tex. Feb. 12, 2014) ("While Plaintiffs argue at length that the private-interest factors and their choice of this forum weigh against transfer, *Atlantic Marine* dictates that the Court may only consider arguments related to the public-interest factors in these circumstances . . . Even if [the second public interest factor] . . . weighs in Plaintiffs' favor, the Court would still be left to conclude that all other relevant factors weigh in favor of transfer . . . Further, these facts [namely, that most of defendant's customers reside in plaintiff's choice of forum,] are typical of many cases and far from the "extraordinary circumstances" *Atlantic Marine* had in mind.").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enforce the forum selection clause contained in Plaintiff's Employment Agreement and transfer this action to the Austin, Texas Division of the United States District Court for the Western District of Texas.

7

Dated this 20th day of June 2017.

Respectfully submitted,

BASS, BERRY & SIMS, PLC

s/ Robert W. Horton
Robert W. Horton (BPR# 017417)
Dustin T. Carlton (BPR# 032025)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
bhorton@bassberry.com
dcarlton@bassberry.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic mailing system to:

Charles E. Walker (BPR# 021277)
Woodbine Legal PC
69 Thompson Lane
Nashville, Tennessee 37211
(615) 367-5111
Charles@woodbinelegal.com

*Attorney for Plaintiff*

s/ Robert W. Horton
Robert W. Horton

23116207.4