# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL BURNETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00732 |
| ) | Judge Aleta A. Trauger |
| DELL MARKETING L.P. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Docket No. 9) filed by the defendant, Dell Marketing L.P. ("Dell"), to which the plaintiff, Michael Burnette, has filed a Response in opposition (Docket No. 11), and Dell has filed a Reply (Docket No. 14). For the reasons discussed herein, Dell's motion will be granted and the case will be transferred to the Western District of Texas.

## FACTS & PROCEDURAL HISTORY

Burnette is an individual who resides in Nashville, Davidson County, Tennessee. Dell is a distributor and marketer of computers and related technologies whose principal place of business is Round Rock, Texas. Dell employed Burnette as a sales employee in its software department for approximately ten years at its Nashville campus. Before starting his job at Dell, Burnette signed an employment agreement that includes the following provision: "The laws of the State of Texas govern this agreement and all disputes will be resolved in Travis County, Texas." On July 6, 2016, Dell terminated Burnette's employment. On March 21, 2017, Burnette filed suit against Dell in the Chancery Court for Davidson County, Tennessee, alleging breach of the employment agreement, intentional infliction of emotional distress, and violation of the

1

Tennessee Public Protection Act. Dell removed the case to this court on April 21, 2017, and filed its answer the following week. On May 31, 2017, Dell filed its Motion to Transfer Venue, requesting, pursuant to its employment agreement with Burnette and under 28 U.S.C. § 1404(a), the case be transferred to the Western District of Texas. Burnette filed a Response on June 13, 2017, and Dell filed a Reply on June 21, 2017.

## **LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." With this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). However, this discretion is limited significantly when a valid forum-selection clause governs the parties' dispute. In *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013), the Supreme Court explained that "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 581 (internal citations omitted).

*Atlantic Marine* directs that district courts may not consider the plaintiff's choice of forum or private interests when a valid forum-selection clause is present. *Id.* at 581-82. "As a

2

consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* (internal citations omitted).

## ANALYSIS

This is not an unusual case. There is no dispute that the employment agreement was understood and willingly entered into by both parties. The forum-selection clause is clear in its terms and facially valid. The clause thus governs this dispute. Burnette fails to even acknowledge the controlling precedent of *Atlantic Marine*. He argues that his choice of forum, the convenience of his witnesses, and his personal financial interests support denial of transfer. But this court is explicitly precluded by *Atlantic Marine* from considering these factors when a valid forum-selection clause governs.

The court finds no public interest factors that outweigh the forum-selection clause. Burnette points to 1) the local interest in having localized controversies decided at home; 2) the familiarity of the forum with the law that will govern the case; and 3) the avoidance of unnecessary problems of conflict of laws. Although Tennessee has an interest in hearing the claims of Tennessee residents—particularly in disputes that arise out of actions and events in Tennessee—there is no local interest at stake here that overcomes Dell's contractual right to litigate in Texas. With regard to the law that governs the case, the employment agreement dictates that Texas law shall govern all disputes arising out of the agreement, including Burnette's breach of contract claims. Should Tennessee law govern any of his additional claims, the court is confident that that will be no hindrance to the transferee court's ability to decide the case. Burnette identifies no potential conflict of laws problem, and the court sees none.[1]

---

[1] *Atlantic Marine* dictates that, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-

3

## CONCLUSION

For the foregoing reasons, Dell's Motion is **GRANTED**, and the court hereby **ORDERS** that this action be transferred to the United States District Court for the Western District of Texas, Austin Division.

Enter this 25th day of July 2017.

_____
ALETA A. TRAUGER
United States District Judge

---

law rules." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 582 (2013). The transferee court will thus apply Texas choice-of-law rules, making any potential problems unlikely.